UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY BURSE,

        Petitioner,

v.                                                        CASE NO. 05-CV-73677-DT
                                                        HONORABLE PATRICK J. DUGGAN

CLARICE STOVALL,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION
FOR A WRIT OF HABEAS CORPUS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on April 14, 2007.

PRESENT: HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Tammy Burse ("Petitioner"), a state prisoner confined at the Scott Correctional Facility in Plymouth, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that she is being held in violation of her constitutional rights. Petitioner was convicted of felony murder following a jury trial in the Wayne County Circuit Court in 2003, and she was sentenced to life imprisonment without the possibility of parole. In her pleadings, Petitioner raises claims of prosecutorial overcharge, ineffective assistance of counsel, and improper jury instructions. For the reasons stated, the petition for a writ of habeas corpus is denied.

1

## I. Facts and Procedural History

Petitioner's conviction arises from the stabbing death of her 14 year-old daughter during a confrontation at their home in Detroit, Michigan on May 24, 2002. The Michigan Court of Appeals summarized the underlying facts as follows:

> According to defendant's statement to police, this case arose when defendant grew frustrated with her daughter, initiated a physical altercation with her, and told her, "I brought you in this world, and I will take you out." As the altercation escalated, defendant stabbed her daughter with a pair of scissors. The daughter began begging forgiveness, but defendant continued to stab her, later stating that she did not think her daughter was sincere. After the victim stopped moving, defendant left off stabbing her with the scissors and retrieved a knife from the kitchen. Defendant "took the knife back to her room and just started cutting on her." While defendant was "cutting on her, she kept trying to get away, so I started choking on her and cutting on her some more." Police found the victim's dead body stuffed into a closet. The victim's body had thirteen stab wounds consistent with a pair of scissors, and another twenty-seven consistent with a knife.

*People v. Burse*, No. 248601, 2004 WL 2126814, *1 (Mich. Ct. App. Sept. 23, 2004) (unpublished opinion). These facts are presumed correct on habeas review. *See Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002); 28 U.S.C. § 2254(e)(1).

Petitioner was charged with one count of first-degree premeditated murder and one count of first-degree felony murder with the underlying felony of child abuse. At trial, the court declined Petitioner's request to instruct the jury on voluntary manslaughter, but did instruct the jury on second-degree murder. The jury ultimately convicted Petitioner of

second-degree murder and felony murder. The trial court thereafter determined that the second-degree murder conviction should be "merged" with the felony murder conviction and sentenced Petitioner to life imprisonment without the possibility of parole on the felony murder conviction.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising the same claims contained in the present petition. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Burse*, No. 248601, 2004 WL 2126814 (Mich. Ct. App. Sept. 23, 2004) (unpublished opinion). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Burse*, 472 Mich. 938, 698 N.W.2d 393 (2005).

Petitioner thereafter filed her federal habeas petition, asserting:

> I. Petitioner was deprived of her Ams V and XIV rights of due process when the prosecutor charged Petitioner with first-degree murder. This is prosecutorial overcharge.
>
> II. Petitioner was deprived of her Ams V and XIV rights of due process and her Am VI right of effective counsel because defense trial counsel was constitutionally ineffective in opening the door, or failing to object, to the introduction of a prior bad act.
>
> III. Petitioner was deprived of her Ams V and XIV rights of due process because she was entitled to a jury instruction on the lesser offenses of voluntary and/or involuntary manslaughter when charged with murder, as those lesser offenses are degrees of the law of criminal homicide that are inferior to the charged

> offense under MCL 768.32(1), where the trial evidence would permit a rational jury to find that only the lesser and not the charged [offense] was committed.

Respondent has filed an answer to the petition, contending that it should be denied because Petitioner's claims are procedurally defaulted, lack merit, and/or are not cognizable upon habeas review.

## II.  Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if she can show that the state court's adjudication of her claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Simply stated, under Section 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts."  *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

### III.  Analysis

### A.

Petitioner first asserts that she is entitled to habeas relief because the prosecutor overcharged her by charging her with (1) premeditated murder and (2) two counts of first-degree murder– i.e., premeditated murder and felony murder– even though there was only one victim. Respondent contends that this claim is barred by procedural default and lacks merit. This Court will address the merits of Petitioner's claim, regardless of whether it is procedurally defaulted, because doing so best serves the interests of judicial economy. *See Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S. Ct. 1517, 1523 (1997); *see also Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003).

Petitioner asserts that the prosecution abused its discretion by charging her with first-degree premeditated murder, claiming there was insufficient evidence to support that charge. Under Michigan law, first-degree premeditated murder requires proof "that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate." *See People v. Schollaert*, 194 Mich. App. 158, 170, 486 N.W.2d 312, 318

(1992). "Premeditation and deliberation require sufficient time to allow the defendant to take a second look." *Id.* The following factors may establish premeditation:

> (1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide.

*Id*. (citation omitted). "Circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of the crime." *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177, 180 (1993).

The Michigan Court of Appeals determined that the prosecution did not abuse its discretion in charging Petitioner with premeditated murder, finding that "the prosecutor presented overwhelming evidence that Petitioner had sufficient time to take a 'second look' while retrieving the knife, attempted to manually strangle the victim, and hid the body." *See Burse*, 2004 WL 2126814 at *1. This decision is neither contrary to nor an unreasonable application of Supreme Court precedent. Given the evidence presented at trial, a rational jury could have found that Petitioner had a sufficient opportunity to consider her actions and form the intent to kill the victim. This evidence includes Petitioner's own statements after the killing and the fact that, after stabbing the victim multiple times with scissors, Petitioner went to the kitchen to retrieve a knife, proceeded to cut the victim numerous times with the knife, attempted to strangle the victim, and then hid the body in a closet. Accordingl,y the Court agrees with the Michigan Court of Appeals that the prosecution did not err or violate Petitioner's constitutional rights by charging her with first-degree premeditated murder.

Petitioner further asserts that her constitutional rights were violated as a result of the prosecution charging her with two counts of murder even though there was only one victim. Reviewing this claim for plain error, the Michigan Court of Appeals found that although the prosecution erred, Petitioner was not entitled to relief because the trial court functionally treated the case as one murder tried under separate theories, merged the second-degree murder conviction on the premeditated murder charge with the felony murder conviction, and only sentenced Petitioner on the felony murder conviction. *See Burse*, 2004 WL 2126814 at *1.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. In *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, 828 (1967), the Supreme Court held "that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." When a state court addresses a harmless-error claim on direct review, the clearly established federal law that it must apply is the *Chapman* standard. *See Eddleman v. McKee*, 471 F.3d 576, 582 (6th Cir. 2006). The AEDPA's "plain language" requires a federal court to deny a habeas petition unless a state court's determination of harmless error was contrary to, or an unreasonable application of, the principle that an error must be harmless beyond a reasonable doubt. *Id*. at 582. In other words, on federal habeas review of a state court's finding of harmless error, the appropriate standard of review is the *Chapman* standard plus the deference owed to state courts under the AEDPA. *Id*. at 583, 585.

7

This Court concludes that the Michigan Court of Appeals' determination that the prosecution's error was harmless beyond a reasonable doubt was a reasonable application of the *Chapman* standard.  Any error in charging Petitioner with two counts of murder, rather than one count under two theories, was clearly harmless.  The jury was well aware that Petitioner was accused of killing only one person.  There is no evidence that the jury was confused or misled.  Importantly, double jeopardy concerns are not implicated as the trial court "merged" the second-degree murder conviction (on the premeditated murder count) with the felony murder conviction and only sentenced Petitioner on the felony murder conviction.  Petitioner thus fails to establish that she was prejudiced by the charging decision or that she suffered a violation of her constitutional rights which would justify intervention from this Court.

For the above reasons, habeas relief is not warranted on Petitioner's first claim.

**B.**

Petitioner next asserts that she is entitled to habeas relief because trial counsel was ineffective for opening the door and/or failing to object to the admission of a prior bad act.  At trial, defense counsel elicited testimony from Petitioner's ex-husband that Petitioner was characteristically a non-violent and even-tempered person who did not abuse her children.  During cross-examination, and over defense objection, the prosecution admitted testimony from the witness that Petitioner previously stabbed him near the eye with a knife.  Respondent contends that Petitioner's ineffective assistance of counsel claim lacks merit.

8

In order to establish ineffective assistance of counsel, Petitioner must show "that counsel's performance was deficient ... [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). In determining whether counsel's performance was deficient,

> [t]he court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . . At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. Therefore, judicial scrutiny of counsel's performance must be "highly deferential." *Id*. at 689, 104 S. Ct. at 2065. One's defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. A petitioner generally will be unable demonstrate that any errors by counsel prejudiced the defense where "there is strong evidence of [the] petitioner's guilt and a lack of evidence to support his [or her] claim." *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994).

The Michigan Court of Appeals denied relief on Petitioner's ineffective assistance of counsel claim. The appellate court reasoned that defense counsel in fact opposed the admission of the prior bad act testimony and that defense counsel's decision to elicit evidence that Petitioner was not abusive toward her children, thereby opening the door to

9

the prior bad act testimony, "was squarely a question of sound [trial] strategy." *See Burse*, 2004 WL 2126814 at *2. This decision is neither contrary to nor an unreasonable application of *Strickland*.

First, the record reflects that defense counsel opposed the admission of the prior bad act testimony. (*See* Pet., Att. C.) Petitioner's claim to the contrary is thus belied by the record. Second, defense counsel reasonably may have determined that the risk of admitting prior bad act evidence was outweighed by the necessity of showing that Petitioner was characteristically a non-violent and even-tempered mother, in order to support her defense that she acted in the heat of passion. The fact that counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective. *See, e.g., Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (an ineffective assistance of counsel claim "cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken"). Furthermore, given the significant evidence of Petitioner's guilt– for example, her statements to her ex-husband and the police and the nature and extent of the victim's injuries– Petitioner cannot establish that she was prejudiced by counsel's conduct. Habeas relief is not warranted on this claim.

## C.

Lastly, Petitioner asserts that she is entitled to habeas relief because the trial court failed to give a jury instruction on the lesser offenses of voluntary or involuntary manslaughter. Respondent contends that this claim is not cognizable upon habeas review.

The United States Supreme Court has declined to decide whether due process

requires the giving of jury instructions on lesser-included offenses in non-capital cases. *See Beck v. Alabama*, 447 U.S. 625, 638 n.14, 100 S. Ct. 2382, 2390 n. 14 (1980).[1] The United States Court of Appeals for the Sixth Circuit has interpreted *Beck* to mean that "the Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir 1990) (en banc)). Accordingly, this Court concludes that Petitioner's claim regarding the trial court's refusal to instruct on manslaughter is not cognizable on federal habeas review. To the extent Petitioner argues that the trial court's failure to instruct the jury on voluntary or involuntary manslaughter violated state law, this argument also is not cognizable on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991). As Petitioner has not shown that the state court decision conflicts with Supreme Court precedent or constitutes an unreasonable application of federal law or the facts, habeas relief is not warranted on this claim.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in her petition.

Accordingly,

---

[1] The Supreme Court's holding in *Beck* was that the death penalty may not be imposed for a capital offense if the jury was not permitted to consider a verdict on a lesser included non-capital offense which would have been supported by the evidence. The Supreme Court subsequently clarified its holding in *Beck* in *Hopper v. Evans*, 456 U.S. 605, 102 S. Ct. 2049 (1982), ruling that even a capital defendant is not entitled to a lesser included offense instruction where the evidence does not support it.

11

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

                                                                s/PATRICK J. DUGGAN
                                                                UNITED STATES DISTRICT JUDGE

Copies to:

Tammy Burse, #454963
Robert Scott Correctional Facility
47500 W. Five Mile Road
Plymouth, MI 48170

Brad H. Beaver, Esq.